UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

OSMAN GARBA,

                Petitioner,         **MEMORANDUM and ORDER**
                                                     06-CV-381 (DRH)
  -v.-

UNITED STATES,

                Respondent.
_____

**Appearances:**

**For the Petitioner:**
**Osman Garba, Pro Se**
M.C.C.I.
1 Waterworks Road
Freehold, New Jersey 07728

**For the Respondent:**
**Roslynn R. Mauskopf**
**United States Attorney**
Eastern District of New York
610 Federal Plaza, 5th Floor
Central Islip, New York 11542
By: Denise McGinn, A.U.S.A.

**HURLEY, District Judge**:

        Petitioner Osman Garba ("Petitioner"), proceeding pro se, brings this action for the return of property pursuant to Federal Rule of Criminal Procedure 41(g) ("Rule 41(g)"). Specifically, by motion filed on January 26, 2006, Petitioner seeks the return of $76,762.00 that was seized in connection with his arrest on March 8, 1992. The government opposes the motion and seeks to dismiss the action. For the reasons stated below, Petitioner's motion is denied and this action is dismissed.

## BACKGROUND

        The following facts are undisputed, unless noted. Petitioner was arrested on

March 8, 1992 at John F. Kennedy International Airport for attempting to smuggle currency outside the United States. At the time of his arrest, $76.762.00 was seized from Petitioner. On April 28, 1992, Petitioner pled guilty to failure to file a Currency or Monetary Instrument Report and to passport fraud violations. On July 13, 1992, Petitioner was sentenced to five years probation and four months home detention.

According to the government, on March 9, 1992, United States Customs Service ("Customs") instituted an administrative forfeiture proceeding against the currency that was seized from Petitioner at the time of his arrest. On March 13, 1992, Customs allegedly sent written notice to Petitioner of the forfeiture by certified U.S. mail, return receipt requested. It is unclear from the documents submitted where this notice was actually sent.[1] Customs also published notice of the forfeiture in Newsday on July 8, 1992. Petitioner asserts that he was in federal custody on March 13th and that he never received notice of the proceeding. On October 16, 1992, Customs administratively forfeited the sum of $76,762.00 to the United States pursuant to 19 U.S.C. § 1609.

On January 26, 2006, Petitioner filed the instant action, pursuant to Rule 41(g), seeking return of the money seized. Petitioner contends that on March 13, 1992, he was granted bail upon a bond of $75,000.00. He further asserts that it was his understanding that the currency seized was "to be used as evidence and also $75,000 of which as the bail bond."

---

[1] According to the government, the paper file that relates to the property that is the subject matter of this action has been destroyed in the normal course of Customs' business, which is to retain all paper files related to forfeited property for a period of six years from the date the case is closed and to thereafter destroy them. (*See* Decl. of Scott Nielsen, dated Mar. 2, 2006, ¶ 4.) Customs, however, maintains information in a computer system for an indefinite period of time. Here, the computer print-out submitted by the government provides that "notice" was sent to Petitioner on March 13, 1992 but does not indicate where the notice was sent. (*Id.* Ex. A.)

(Petitioner's Reply at 2.) After his sentence was imposed, Petitioner allegedly requested that Customs return his property. According to Petitioner, Customs denied his request, citing the evidentiary value of the currency in a pending criminal investigation which was not completely resolved.

The government argues that Petitioner's Rule 41(g) motion should be denied and the action dismissed because the motion is time barred. For the reasons that follow, the Court agrees.

## DISCUSSION

Where criminal proceedings are no longer pending against a defendant, a motion for the return of property made pursuant to Rule 41(g) is treated as a claim for civil equitable relief. *See United States v. Giovanelli*, 998 F.2d 116, 118-19 (2d Cir. 1993). Such actions are subject to the six-year statute of limitations set forth in 28 U.S.C. § 2401(a), *see Polanco v. U.S. Drug Enforcement Admin.*, 158 F.3d 647, 653 (2d Cir. 1998), and accrue at the earliest of the following dates:

> • at the close of the forfeiture proceedings, however soon after the seizure; or
>
> • if no forfeiture proceedings were conducted, at the end of the five-year limitations period during which the government is permitted to bring a forfeiture action, see *Boero,* 111 F.3d at 305, at which time the claimant-without other notice-had reason to know that the forfeiture proceedings had begun (or that the property was being held) without due process.

*Id.* at 654. With regard to the later date, a plaintiff may have a total of eleven years — the five year forfeiture statute of limitations plus the six-year statute of limitations under 28 U.S.C. § 2401(a) — post seizure to complain about the deprivation of his property. *Id.*

According to computer records maintained by Customs, the currency seized from

3

Petitioner was forfeited on October 16, 1992. Thus, the government argues that the limitations period expired six years later on October 16, 1998, and that the present action is time barred.

In response, Petitioner argues that: (1) the documentation submitted by the government is insufficient to establish that the money was actually forfeited; (2) he never received notice of any forfeiture proceeding; and (3) the limitations period should be equitably tolled. With regard to Petitioner's first two assertions, even assuming arguendo that there were no forfeiture proceedings or, alternatively, that Petitioner did not receive notice thereof, *Polanco* instructs that the limitations period runs from the end of the five-year period during which the government may bring a forfeiture action, 158 F.3d at 654, which in this case is March 8, 1997, five years after the currency was seized. *See United States v. Morales*, No. 02 Civ. 10326, 2003 WL 21692752, at *3 (S.D.N.Y. July 21, 2003). The limitations period would have expired six years later on March 8, 2003. Thus, even if Petitioner did not receive notice, or there were no forfeiture proceedings, the instant motion, filed in January 2006, is still untimely.

Finally, Petitioner's argument that the limitations period should be equitably tolled is without merit. "To avail himself of this doctrine, the plaintiff must show that he 'pass[ed] with reasonable diligence through the period [he] seeks to have tolled.'" *Polanco*, 158 F.3d at 655 (quoting *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996)). "Federal courts have typically extended equitable relief only sparingly . . . [and] have generally been much less forgiving in receiving late filings where claimant failed to exercise due diligence in preserving his legal rights." *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96 (1990).

Here, Petitioner took no steps to seek the return of the property until November 2005, when he wrote to the Court seeking return of the bond money. He thereafter initiated the instant action in January 2006. He attempts to explain his inaction from 1992 to 2005 by

4

asserting that: (1) he was out of the country from May 1997 to January 12, 2001; and (2) the forfeiture proceeding was in error. The Court finds that the reasons proffered are insufficient to justify the application of equitable tolling as they in no way demonstrate that Petitioner exercised the reasonable diligence required.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for the return of seized property is denied and this action is dismissed. The Clerk of the Court is directed to close this case.

**SO ORDERED**.

Dated: Central Islip, N.Y.
November 3, 2006

/s_____
Denis R. Hurley,
United States District Judge